No. 13,108.

## MULREED v. THE STATE.

INTOXICATING LIQUOR.—*Sale to Minor.—Due Care.*—To relieve one from the penalty provided by the statute for selling intoxicating liquor to a minor, it is not enough that the seller believed in good faith from appearances that the minor was of legal age, but it must also be shown that the former used due care to ascertain his age.

SAME.—*Sufficiency of Evidence.*—For evidence held sufficient to sustain a conviction for selling intoxicating liquor to a minor, without exercising proper caution, notwithstanding the latter was apparently of legal age, see opinion.

CRIMINAL LAW.—*Jury.—Reading Statutes While Considering Verdict.—Semble,* that it is not error, in a criminal case, to permit the jury to take to their room an annotated copy of the Revised Statutes, and to read therefrom, while deliberating on their verdict, the section of the statute defining the offence for which the defendant is prosecuted, where the annotations thereto consist merely of the names of decided cases.

From the Delaware Circuit Court.

*J. N. Templer* and *J. F. Sanders,* for appellant.

*F. T. Hord,* Attorney General, *W. B. Hord* and *C. L. Medsker,* Prosecuting Attorney, for the State.

HOWK, C. J.—In this case, the appellant was indicted, tried and convicted for an unlawful sale of intoxicating liquor to a certain person, who was then and there under the age of twenty-one years. From the judgment of conviction he has appealed to this court, and has here assigned, as error, the overruling of his motion for a new trial.

A number of causes for such new trial were assigned by

appellant, in his motion therefor; and these causes we will consider and pass upon in the same order his counsel have presented and discussed them in their exhaustive brief of this case.

1. It is first insisted by appellant's counsel, that the verdict of the jury was not sustained by sufficient evidence and was contrary to law. The indictment charged that appellant, on the 11th day of October, 1884, at Delaware county, unlawfully sold to one George Ross, who was then and there a person under the age of twenty-one years, one gill of intoxicating liquor, to wit, beer, at and for the price of five cents. The cause was tried on April 23d, 1885, and only two witnesses testified on the trial, namely, George Ross, to whom the unlawful sale was made as charged, and the appellant. There is no conflict in the evidence, as it appears in the record. It is conclusively shown by the testimony of both witnesses, that, about the time charged in the indictment, appellant sold George Ross a glass of beer for the price of five cents; and Ross testified that he "was nineteen years old at that time, and under twenty-one years old." In section 2094, R. S. 1881, it is provided as follows: " Whoever, directly or indirectly, sells, barters, or gives away any spirituous, vinous, malt, or other intoxicating liquors to any person under the age of twenty-one years, shall be fined in any sum not more than one hundred dollars, nor less than twenty dollars."

It is apparent from what we have said, that the evidence in the record of this cause, without conflict therein, makes a case against the appellant fairly within the letter of our statute. It is claimed, however, by appellant's counsel, that the verdict is not sustained by the evidence, because, they say, it is shown thereby that appellant made the sale to George Ross, as charged in the indictment, in the honest and reasonable belief that Ross was of the full and lawful age of twenty-one years, at the time of such sale. If the evidence fairly showed, without conflict, that appellant made such sale to

George Ross, after exercising proper caution, in the reasonable and honest belief that Ross, at the time of such sale, was of full and lawful age, then the verdict would not be sustained by the evidence, and, for this cause, it would have been error to have overruled the motion for a new trial. This would be so, because, in such case, there could be no criminal intent on the part of appellant, and, in the absence of such intent, there could be no criminal violation of our statute making the sale of intoxicating liquor to a minor a public offence. This is settled by our decisions. *Goetz* v. *State*, 41 Ind. 162; *Payne* v. *State*, 74 Ind. 203; *Hunter* v. *State*, 101 Ind. 241; *Kreamer* v. *State*, 106 Ind. 192.

In the case in hand, it was shown by the evidence that at the time of the sale charged in the indictment, George Ross was five feet ten inches in height, weighed one hundred and sixty-five pounds, and had a heavy beard and a man's voice. Appellant testified about Ross as follows: " I thought from his appearance and size, the beard on his face, his voice and his general appearance and manner, that he was more than twenty-one years old; and so believing in good faith, I didn't ask him his age, but drew the glass of beer and gave it to him, and he drank it and paid me five cents for it, and left. I had no doubt of his age being over twenty-one years; he looked like it and acted like it."

Notwithstanding this strong showing in favor of appellant, on the point we are now considering, we are of opinion that the jury were fully authorized, by appellant's own testimony, to determine such point against him. On his cross-examination, appellant testified as follows: " I have known the witness, George Ross, when I would see him, for ten or a dozen years; have not been much with him during that time. I did some ditching for his father, ten or a dozen years ago, and saw the witness then at his home. He was then a lad, seemingly about ten or twelve years old." In this testimony, appellant was speaking of and concerning facts, and was not expressing his belief merely, as a part of his defence. As against

himself, the jury were justified in saying that, by his testimony, he admitted that he knew the witness, George Ross, ten years ago, and he was then a lad ten years of age, which would make him only twenty years old at the time of the trial of this cause, or only nineteen years of age at the time of the sale charged in the indictment. With this testimony of appellant before the jury, we can not say they were not justified in finding, as they must have done under the instructions of the court, that appellant did not make the sale, charged in the indictment, after exercising proper caution, in the reasonable and honest belief that George Ross, at the time of such sale, was of full and lawful age. We can not disturb the verdict on the evidence.

2. Appellant's counsel next insist, in argument, that the trial court erred in modifying three written instructions, requested by appellant, and in giving the jury such instructions so modified, and in refusing to give the jury the instructions asked for, without such modification thereof.

These instructions, as modified by the court and given, were substantially as follows:

" 1. If the jury believe from the evidence that the defendant, when he sold the beer in question, *after exercising due care to ascertain his age,* had good reason to believe, and, in good faith, did believe, George Ross to be then 21 years old or over, they should find the defendant not guilty.

" 2. One important question in the case is, whether the defendant was acting in good faith in supposing George Ross, the purchaser, to have been 21 years old or over, at the time he sold him the beer. A sale of intoxicating liquor to a minor, under the belief, entertained in good faith, *after exercising due care to ascertain his age,* that he was 21 years old or over, at the time of the sale, is not a violation of the law.

" 3. If the jury believe from the evidence that the defendant sold the beer in question under the belief, entertained in good faith, *after having used due care to ascertain his age,* that

George Ross, the purchaser, was 21 years old or over, they should acquit the defendant."

In each of these three instructions we have italicized the court's modification thereof. It will be seen that by such modification the court instructed the jury that the defendant, in such a case as this, could not escape the punishment prescribed by law for the unlawful sale of intoxicating liquor to a minor, upon his *bona fide* belief that such minor was of lawful age, based solely upon appearances, but it must also be shown that he had used due care to ascertain the minor's age. This is in substantial harmony, we think, with our decisions upon the question under consideration. Thus, in *Goetz* v. *State, supra*, the court said : "A sale of intoxicating liquor to a minor under the belief, entertained in good faith, that he was an adult, is not within the statute. But the burden of proof on this subject is on the defendant ; and to make out this defence, such facts must be shown as will justify the inference of such *bona fide* belief." So, in *Kreamer* v. *State, supra*, where the defendant made a sale to a minor, "after exercising proper caution, in the reasonable and honest belief that he was, at the time of such sale, of full and lawful age," it was held by the court that there was no criminal violation of our statute, which makes the sale of intoxicating liquor to a minor a public offence. We conclude, therefore, that the court did not err in modifying the instructions requested by appellant, nor in giving the jury the instructions as modified, nor in refusing to give the jury the instructions asked for without modification.

3. Finally, it is claimed the court erred in permitting the jury to take to their room, and to consider, while deliberating on their verdict, an annotated copy of the Revised Statutes of 1881. The record before us fails to show, however, that appellant either objected or excepted at the time to the action of the trial court, of which his counsel now here complain as erroneous. The question, therefore, is not properly presented for our decision. If it were so presented, it would

seem to us that as the jury are authorized by our fundamental law, in all criminal cases whatever, to determine the law as well as the facts, it could hardly be regarded as an available or reversible error, if any error at all, for the trial court to permit the jury, in any criminal cause, to read in their retirement the statute defining the offence for which the defendant is prosecuted in such case. The "annotations" complained of are merely references to decided cases, and could afford the jury no possible information, and could do the defendant no possible harm in the absence of the books referred to.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed June 15, 1886.