## McClanahan *v.* State of Indiana.

[No. 29,138.  Filed April 14, 1954.  Rehearing denied June 2, 1954.]

*Claude Cline,* of Huntington, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl Humble,* Deputy Attorney General, for appellee.

EMMERT, J.—This is an appeal from a judgment for the State, entered on the refusal of the appellant to amend his petition for writ of error *coram nobis* after a demurrer by the State had been sustained. An appeal had been taken from the judgment on the verdict finding appellant guilty of the second offense of operating a motor vehicle while under the influence of intoxicating liquor, and in *McClanahan* v. *State* (1953), 232 Ind. 567, 112 N. E. 2d 575, we affirmed the judgment.

The verified petition for the writ charged in substance that while the jury was deliberating. on the verdict the foreman left the jury room at the request of the jury, obtained from the bailiff in charge of the jury a book containing the statute pertaining to the charge upon which appellant was being tried, which the foreman took into the jury room and read to the members of the jury; that thereafter the jury had a disagreement about the age of the appellant, and the foreman again left the jury room and talked to the bailiff about appellant's age, and thereafter he returned to the jury room and inserted in the verdict the figure "48" as his age. The petition did not charge that the foreman left the .court room or the offices of the court, or the custody of the bailiff, and from all that appears in the petition the foreman could have been just outside the jury room door when he was conversing with the bailiff. See *Masterson* v. *State* (1896), 144 Ind. 240, 249, 43 N. E. 138. The finding as to the defendant's age was not an indispensable part of the verdict. *Colip* v. *State* (1899), 153 Ind. 584, 589, 590, 55 N. E. 739.

The State contends the reasoning of this court in *Mulreed* v. *State* (1886), 107 Ind. 62, 66, 67, 7 N. E. 884, answers the remaining issue, and we agree.

■ In the *Mulreed* case, appellant contended prejudicial error had been committed by permitting the jury to have in the jury room an annotated copy of the Revised Statutes of 1881. The court said, "it would seem to us that as the jury are authorized by our fundamental law, in all criminal cases whatever, to determine the law as well as the facts,[1] it could hardly be regarded as an available or reversible error, if any error at all, for the trial court to permit the jury, in any criminal cause, to read in their retirement the statute defining the offense for which the defendant is prosecuted in such case. The 'annotations' complained of are merely references to decided cases, and could afford the jury no possible information, and could do the defendant no possible harm in the absence of the books referred to."

The petition does not disclose that the appellant was harmed in any manner. The verdict was authorized under the facts and the law. If the jury had ■ obtained a copy of Bishop's Criminal Law, which is a general treatise on the common law of crime, as was the case in *Newkirk* v. *State* (1866), 27 Ind. 1, a different issue would have been presented.

We do not condone the officious and unauthorized conduct on the part of the bailiff, and we presume the trial judge took appropriate action to reprimand him. But the facts stated in the petition, even though discovered after the ruling on the motion for a new trial, disclose no reason why the judgment should be vacated.

Judgment affirmed.

---

1. "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." Article 1, §19, Constitution of Indiana.

Draper, C. J., Gilkison, Flanagan and Bobbitt, JJ., concur.

NOTE.—Reported in 118 N. E. 2d 434.