DANIELS *v.* TERMINAL TRANSPORT COMPANY, INC., AND BORINSTEIN.

[No. 18,472. Filed May 28, 1954. Rehearing denied July 9, 1954. Transfer denied October 6, 1954.]

*George A. Henry* and *Connor D. Ross*, of Indianapolis, for appellant.

*Robert S. Smith, Richard W. Yarling*, and *Ernie S. Burke*, all of Indianapolis, for appellee, Terminal Transport Company, Inc., and *Jack I. Kahn, Frank A. Symmes* and *Charles W. Symmes*, all of Indianapolis, for appellee, Jacob Borinstein.

BOWEN, C. J.—This is an appeal from an award of the full Industrial Board denying compensation to the appellant. Issues were joined upon the appellant's application for compensation alleging accidental injuries by reason of an accident allegedly arising out of and in the course of his employment as a truck driver and

operator of a tractor and trailer from Indianapolis, Indiana, to Tampa, Florida. On the trip in question appellant was injured in the process of repairing a flat tire in which the rim blew off, striking his right arm, side and head. The assignment of errors presents the question for the determination of this court as to whether there is any evidence to support the finding and judgment of the Industrial Board that the appellant was an independent contractor. The full Board denied compensation on the ground that the appellant was an independent contractor and not an employee of either appellee.

From the record it appears that appellant Daniels owned a tractor and appellee Borinstein a trailer. That under a business arrangement between the parties, Borinstein was the promoter and negotiator of contracts to haul commodities. This arrangement between the parties had existed for perhaps a couple of months. Under the arrangement between him and Borinstein, Daniels was to get 75% and Borinstein 25% of the gross for hauling; that out of the 75% Daniels was to pay for gas, oil and lodging, and things of that sort, regardless of whether there were profits; that Borinstein did not direct the route Daniels was to take nor as to rest periods, nor as to the manner in which he was to drive; that he could have discharged Daniels, but not as an employee, as he considered him a partner; that he did not tell him conditions under which he was to work and did not have Workmen's Compensation on him; that he did not carry public liability or property insurance on the tractor; that under his arrangement with Daniels, sometimes Daniels signed his name and cashed checks, and sometimes he endorsed both names and cashed checks; that if the arrangement with Daniels was unsatisfactory with Borinstein he could always

agree not to let him have the trailer; that Daniels was directed by appellee Borinstein's son to go over to the Terminal Transport Company, Inc., for the load on the day in question. The appellee Terminal Transport Company, Inc., gave appellant the directions as to the trip. The appellant testified that Borinstein "always tried to get loads for us to keep the trucks moving."

At the time of the accident in question the appellant was driving a tractor of his own and the trailer of appellee Borinstein on a trip for the Terminal Transport Company, Inc., which had been arranged as a result of the negotiation of a lease agreement between Borinstein and the Terminal Transport Company, Inc.

Appellant's Exhibit No. 1 consisted of the lease agreement for the motor vehicle on the trip in question, by the terms of which lease Borinstein leased the tractor and semi-trailer described in such agreement to the Terminal Transport Company, Inc., for the specific purpose of transporting one load of general commodities from Indianapolis, Indiana, to Tampa, Florida. A specific road was designated to be followed and the company agreed to pay a rental in accordance with the schedule set up in the lease. The lease provided that the appellee, Terminal Transport Company, Inc., should have dominion, supervision and control of the equipment during the trip and assume all costs incident to operating and maintaining such equipment, including the driver's services and the payment of any fines that might be assessed for overloading during the trip. The lease bore the signature of the appellant as the lease driver. The appellant testified that after he attached his signature as a lease driver he filled up the tractor with gas and started out. The truck was loaded at the Terminal Transport Company's terminal and was loaded by them. Appellant drove to Murfrees-

boro, Tennessee, where he had a flat tire and the rim blew off and his skull was fractured, his arm was broken in three places, and he was rendered unconscious.

The question which we are called upon to determine is whether, under the circumstances shown by the record in this case, there was evidence to establish that the appellant Daniels was an independent contractor or whether the evidence leads inescapably to the conclusion that he was an employee either of Borinstein or the Terminal Transport Company, Inc., at the time of the accident in question.

The legislative policy and the decisions of our courts requires that the same liberal construction must be applied to the meaning of "employee" as used in the Workmen's Compensation Act, Burns' Ann. St., Sec. 40-1201 et seq., as is indulged to other terms used in the act, *Meek* v. *Julian* (1941), 219 Ind. 83, 36 N. E. 2d 854, and the tests to be applied in determining whether an employee relationship exists have been well stated in numerous decisions of the courts of this state. *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293; *Petzold* v. *McGregor* (1931), 92 Ind. App. 528, 176 N. E. 640; *Allen* v. *Kraft Food Co.* (1948), 118 Ind. App. 467, 76 N. E. 2d 845. It is apparent from the decisions that each case must be determined upon its own facts and circumstances with certain criteria as laid down in the decided cases. The power to direct, control and command the means, manner or method of performance has been recognized in this state as the "real" test. *Mid-Continent Petroleum Corp.* v. *Vicars* (1943), 221 Ind. 387, 47 N. E. 2d 972. In this case we are confronted with the question of independent contractor relationship versus employee relationship and in this connection it must be borne in

mind that an independent contractor is one who is engaged in his own independent calling. In doing the particular work he is his own master and the subservience which exists is only to the extent of the desired result. Small, Workmen's Compensation Law of Indiana, §4.2, p. 64, and cases therein cited.

When we examine the facts of the instant case with reference to the relationship of Borinstein and appellant we fail to find any of the elements which would tend to establish an employer-employee relationship.

A different question is presented with reference to the relationship between the appellant and the Terminal Transport Company, Inc. By virtue of the provisions of the lease agreement which Borinstein negotiated with the Terminal Transport Company, Inc., the appellee, Terminal Transport Company, Inc., recognized the appellant as an employee and designated him as a lease driver to satisfy the requirements of the Interstate Commerce Commission with reference to its operating permits. The Terminal Transport Company, Inc., held the appellant out to the general public as their employee and agent. *Brandenburg* v. *Buchta* (1954), 233 Ind. 221, 117 N. E. 2d 643. Specific directions for the control of the driver on this trip were set forth in the lease agreement, conforming to the federal and state laws and Interstate Commerce Commission regulations. The lease provided for dominion, supervision and control of the equipment in question during the trip and the assumption of all costs incident to maintaining and operating such equipment, including the driver's services and the payment of any fines that might be assessed for overloading during the trip. It seems hard to perceive any evidence of circumstances whereby appellant Daniels has reserved unto himself the power or right to direct or control the

means, manner or method of performance. The matter of lease agreements for the operation of motor vehicles in interstate commerce has caused some confusion because of the fact that in many cases the ramifications of the relationships under such agreements appear to be mere subterfuges. *Brandenburg* v. *Buchta, supra.* Be that as it may, it is still necessary for courts to look to the substance rather than the form, and if there is any evidence within this record to establish that the appellant was an independent contractor with reference to his relationship with the Terminal Transport Company, Inc., this court would be bound to affirm the award and judgment of the full Industrial Board. However, under the terms of the lease agreement, and also in the acts and relationships of the parties in the transportation of the goods in question from Indianapolis, Indiana, to Tampa, Florida, we do not find the existence of circumstances which would establish the relationship of independent contractor within the definition as laid down by the decisions of the courts. It seems inconsistent for the operator of a motor freight transportation line to execute written agreements with reference to drivers and the employment thereof under their control in order to satisfy the requirements of the Interstate Commerce Commission and then to ask courts to ignore the terms of such agreements when they are considered for the purpose of determining whether or not a driver of a truck is an employee under the Workmen's Compensation law. In the instant case, in addition to the written lease, there is nothing to indicate that Daniels did anything other than operate a motor truck under the dominion, supervision and control of the Terminal Transport Company, Inc., in the transportation of goods from Indianapolis, Indiana, to Tampa, Florida, as its driver. Also, it is apparent

that appellant Daniels was an employee of the Terminal Transport Company, Inc., under the ruling in the case of *Jackson Trucking Co.* v. *Interstate M. F. System* (1952), 122 Ind. App. 546, 104 N. E. 2d 575.

We cannot say that there was evidence of probative value that the appellant was an independent contractor in this relationship with the Terminal Transport Company, Inc.

For the reasons given herein the judgment is reversed as to appellee, Terminal Transport Company, Inc., and affirmed as to appellee Borinstein, with instructions for further proceedings not inconsistent herewith.

NOTE.—Reported in 119 N. E. 2d 554.