## MILNER *v.* HAAG

[No. 18,760.   Filed May 24, 1956.   Rehearing denied
June 26, 1956.]

*Charles A. Lowe,* of Lawrenceburg, for appellant.

*C. E. Bielby* and *W. H. Turner,* of Lawrenceburg, for
appellee.

CRUMPACKER, J.—The appellant sued the appellee to recover damages to his automobile which was struck while parked at the curb of a street in Rising Sun, Indiana, by a car driven by one Warren Jacobs under circumstances which the appellant contends charged the appellee with responsibility for Jacobs' negligence. A demurrer for want of facts was sustained to the complaint and upon the appellant's refusal to plead further the court entered judgment that he take nothing by reason of said complaint. Alleged error in such ruling is the sole question presented by this appeal.

The demurrer was sustained because, in the court's opinion, the facts pleaded failed to show legal responsibility on the appellee's part for the accident in controversy. We herewith quote the allegations of the complaint pertinent to that issue:

"1. The defendant, Robert Haag, is engaged in the automobile business in the City of Lawrenceburg, Indiana, and in connection with such business, buys and sells automobiles and was so engaged on the 13th day of August, 1949, and prior thereto.

"2. That on or about the 26th day of June, 1949, one Alvin Pegg contracted and agreed with said Robert Haag, then doing business under the name and style of Haag Motor Company to purchase a certain Pontiac automobile which said automobile, the said defendant, Robert Haag, had theretofore acquired from one Robert M. Carlton; that said automobile was represented by Indiana Certificate of Title No. 291798 and which said Title was in connection with such purchase duly assigned by said Carlton to said Haag.

"3. That after the said defendant, Haag, had acquired the said title to said automobile from said Carlton, he sold the said automobile to said Alvin Pegg and delivered said automobile to said Pegg but did not deliver the Certificate of Title thereto, but kept and retained possession of said Certificate of Title.

"4. That said Alvin Pegg as the purchaser of said automobile from Haag, took possession of said Pontiac automobile on or about the 2nd day of August, 1949, but, after taking possession, said Pegg decided not to keep and retain the said automobile and acting upon such decision, said Pegg surrendered said automobile to said Haag who accepted the return of said automobile ever since the 2nd day of August, 1949, as aforesaid.

"5. Plaintiff further says, that said Haag after so obtaining possession of said automobile from said Pegg, entered into a contract and agreement with the defendant, Warren Jacobs, whereby the said Haag covenanted and agreed to sell said automobile to said Jacobs and accepted from said Jacobs as a down payment on said automobile, the sum of Fifty-two Dollars ($52.00) or thereabouts.

"6. That said Haag then placed his dealer's license plates upon the said automobile so placed in the possession of the defendant, Jacobs, and permitted the said Jacobs to use the said automobile.

"7. That the defendant Haag as a part of his agreement with the said Jacobs, gave the said Jacobs a receipt for the down payment and then and there agreed with said Jacobs, that the said Jacobs should keep and retain possession of the said automobile and use and operate the same until he had paid down one-third ($\frac{1}{3}$) of the purchase price agreed upon, between said Haag and said Jacobs after which, the said automobile would be financed through some finance company and the Title to said automobile delivered to said Jacobs as the purchaser of said Pontiac automobile."

We think that this complaint, with the intendments we must indulge in determining its sufficiency, alleges that the appellee and Jacobs entered into a contract whereby the appellee agreed to sell Jacobs the automobile involved upon his completion of payments amounting to one-third of the purchase price. In the meantime title remained in the appellee but Jacobs was given immediate possession of the car with

permission to use it under protection of the appellee's license plates and was so using it when the accident occurred. In our opinion this amounts to nothing more than a charge that the appellee owned an automobile registered in his name which he permitted Jacobs to use. We realize that many states have adopted the rule that where a plaintiff seeks to hold the owner of an automobile liable for injuries inflicted when it was being operated by another, proof of ownership makes a *prima facie* case. This is on the theory that the fact of ownership justifies an inference that a driver of a car is an agent of the owner and that he is driving it in the pursuit of the owner's business. See Annos: 42 A. L. R. 889, 906, 74 A. L. R. 951. This however is not the rule in Indiana. Proof of ownership alone is not sufficient. There must be proof of other circumstances from which agency can be reasonably inferred or at least from which it may be inferred that the operator was using the car to the advantage or benefit of the owner. *Stone* v. *Travelers Ins. Co.* (1926), 84 Ind. App. 243, 245, 149 N. E. 454; *Brandenburg* v. *Buchta* (1954), 233 Ind. 221, 117 N. E. 2d 643; *Frick* v. *Bickel* (1944), 115 Ind. App. 114, 54 N. E. 2d 436. In the Stone case the owner of the car involved was in the automobile business and previous to the accident had permitted the operator to use said car for demonstration purposes in the owner's behalf. In the Brandenburg case the motor vehicle involved was trucking equipment *apparently* used in connection with the owner's business. In the Frick case the court said "proof of ownership of the automobile causing an accident, together with *added proof* that the negligent driver was in the general employment of the defendant, raises a presumption that the driver was about his master's business and acting within the scope of his employment." In the present

case Jacobs was in the process of buying a car from the appellee during which time he was permitted to use it as though it were his own. There is not one fact alleged in the complaint from which it can be inferred that at the time of the accident involved he was using it in connection with the appellee's business or for any purpose that would inure to the appellee's advantage or benefit.

Judgment affirmed.

NOTE.—Reported in 134 N. E. 2d 708.