Charlotte S. MANEIKIS and Walter Maneikis, Defendants–Appellants,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 3-1178A299.

Court of Appeals of Indiana, Third District.

Oct. 27, 1980.

William G. Conover, Conover, Claudon & Chew, Valparaiso, for defendants–appellants.

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for plaintiff–appellee.

GARRARD, Presiding Judge.

Appellants' petition for rehearing asserts that we failed to discuss a substantial issue arising on the record and presented in their brief. While we find that neither the motion to correct errors nor the brief separately and specifically assert these matters, they are inferentially present and we discuss them now.

It is first asserted that the court unintentionally violated Canon 3(A)(4) of the Code of Judicial Conduct concerning *ex parte* communications when the judge permitted Mrs. Maneikis to confer with him in chambers prior to the trial. It was at that time she expressed her desire to discharge counsel.

█ We agree that the judge should have declined to go into the matter in the absence of the other party's counsel. Indeed, the confusion subsequently alleged by Mrs. Maneikis could no doubt have been allayed had the canon been scrupulously followed. On the other hand, the judge's conduct under the circumstances clearly was not an intentional disregard of the canon.

█ It is sufficient answer to appellants' assertion to point out that while the judge may have erred, it was she that invited the error. She may not now, therefore, complain of its commission. *See, e. g., Jolly v. Modisett* (1971), 257 Ind. 426, 275 N.E.2d 780.

█ In addition, counsel points out that the judge's brother was permitted to appear

for the state. *See* Canon 3(C)(1)(d)(ii). Admittedly, appellants' counsel had previously waived the consanguinity disqualification. However, on the morning of trial the judge disclosed the matter to Mrs. Maneikis and asked expressly if she had an objection. She responded that she did not.

The petition for rehearing is denied.

HOFFMAN and STATON, JJ., concur.