**William E. HILLER,
Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 3–580A155.**

Court of Appeals of Indiana,
Third District.

Nov. 17, 1980.

John M. Lyons, Lyons & Truitt, Valparaiso, for defendant–appellant.

Theodore L. Sendak, Atty. Gen. of Indiana, Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for plaintiff–appellee.

GARRARD, Presiding Judge.

William E. Hiller pleaded guilty to three counts of theft. Under Count I he admitted taking some $40,000 from the estate of Alma Wieck in 1976. Count II alleged the theft of $30,000 from the estate of Walter Oestmann in 1975. The third count alleged that in 1978 Hiller appropriated $170,000 (of which $50,500 was subsequently returned) from the estate of Josephine Johnson.

On Counts I and II the trial court imposed indeterminate sentences of one to ten years, *see* IC 35–17–5–12 [repealed], to be served concurrently. On Count III the court imposed a determinate sentence of four years, IC 35–50–2–7, and directed that it be served consecutively to the other sentences.

Hiller's appeal asserts the court erred in determining that it could aggravate the sentence on Count III to four years and in determining that it could order the sentence to be served consecutively. We affirm.

### Aggravation

■ IC 35–50–2–7 provides that the sentence for a class D felony shall be two (2) years, with not more than two (2) years added for aggravating circumstances.

IC 35–50–1A–7 provides,

"(a) In determining what sentence to impose for a crime, the court shall consider the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person."

Subparagraph (b) then lists ten factors the court may consider as mitigating factors, and subparagraph (c) lists the following six factors the court may consider as aggravating circumstances or as favoring imposing consecutive terms of imprisonment,

"(1) The person has recently violated the conditions of any probation, parole, or pardon granted him.

(2) The person has a history of criminal activity.

(3) The person is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility.

(4) Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime.

(5) The victim of the crime was sixty-five [65] years of age or older.

(6) The victim of the crime was mentally or physically infirm."

Finally, subparagraph (d) provides that the criteria listed in subsections (b) and (c) do *not* limit the matters that the court may consider in determining the sentence.

In view of the mandatory nature of subsection (a), the permissive nature of subsections (b) and (c) and the expression contained in subsection (d), we have interpreted this statute as not limiting the court to consideration of the factors enumerated in (b) and (c) so long as it can and does articulate the reasons for its action and those reasons have a rational nexus with the result reached. *Perkins v. State* (1979), Ind. App., 392 N.E.2d 490.

In the present case the court found as aggravating factors,

"(a) Restitution has not been made.

(b) There were thousands of dollars involved.

(c) This attorney was attorney for fiduciary in a position of trust and was an Officer of the Court.

(d) The number of people who have been hurt financially and in their reputations and businesses."

At the hearing on the motion to correct errors the court struck finding (a) with respect to Counts I and II.

On this basis we are unable to say pursuant to Rule 2 of the Rules of Appellate Review of Sentences that the sentence of four (4) years was manifestly unreasonable in light of the nature of the offense and the character of the offender. Accordingly, we will not disturb the sentence.

*Consecutive Sentencing*

Hiller next contends that the court was not empowered to require that the sentence on Count III be served consecutively to the sentences imposed for Counts I and II.

He concedes that IC 35–50–1–2(a) grants the court discretion to determine whether sentences shall be served consecutively or concurrently. Moreover, he does not argue an abuse of discretion.

His argument, instead, asserts that because the offenses described in Counts I and II occurred and were prosecutable under the old criminal code (where consecutive sentences were not permitted under these circumstances), the court had no power to utilize IC 35–50–1–2(a) in this case. In essence he contends that the statute can be applied only where both the second sentence and the sentence from whose completion it is to commence to be served are for offenses committed after the effective date of the new criminal code.

We disagree. The offense charged in Count III was committed after the new code came into effect. It was subject to the sentencing provisions of IC 35–50–2–7 and 35–50–1–2. The latter statute permitted the court to determine that the sentence for *that* offense should be served consecutively. As such it was not a retroactive application or one unauthorized by the legislature. *Garrett v. State* (1980) Ind.App., 411 N.E.2d 692.

Affirmed.

HOFFMAN and STATON, JJ., concur.