Billy F. SHARP, Ruben Adams Trucking and Jack Gray Transport, Inc., Defendants–Appellants,

v.

John L. BAILEY, Plaintiff–Appellee.

No. 37A03-8704-CV-103.

Court of Appeals of Indiana, Third District.

April 7, 1988.

Samuel J. Furlin, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for defendants-appellants.

Kenneth D. Reed, Mark P. Dvorscak, Abrahamson, Reed & Adley, Hammond, for plaintiff-appellee.

GARRARD, Presiding Judge.

John Bailey was driving a truck when he was injured in a collision with another truck operated by Billy Sharp. Bailey owned the truck he was driving and Ruben Adams Trucking owned the truck operated by Sharp. At the time of the collision, however, both trucks were leased exclusively to Jack Gray Transport, Inc. and both were in fact being operated in Transport's business.

When Bailey commenced this civil action to recover for his injuries all three defendants sought summary judgment on the ground that Bailey's exclusive remedy was workmen's compensation.

The trial court apparently granted summary judgment in favor of Sharp and Adams Trucking and denied it as to Transport.[1] This interlocutory appeal followed. We consider the propriety of summary judgment as to each defendant.

Under the lease arrangements both trucks operated under Transport's authority and carried Transport's ICC and PSCI permit numbers.

Both leases contained provisions which (a) required the lessors to maintain Workers Compensation Insurance covering the drivers; (b) provided the equipment would be used exclusively in the lessee's business; (c) required drivers to comply with all ICC rules and regulations as well as the lessee's rules; (d) entitled lessee to have any driver replaced whom it determined was unqualified; and (e) required the lessors to indemnify the lessee for loss arising from accidents.

Transport paid rental payments from which Bailey paid himself and Adams Trucking paid Sharp. Pursuant to a lease supplement provision Transport was providing liability insurance for Bailey, Sharp and Adams Trucking.

■ We first consider Bailey's action against Transport. Pursuant to the Workmen's Compensation Act, specifically IC 22–3–2–6, the remedies against employers provided by the Act are exclusive. If Bailey suffered a compensable injury his civil action against Transport was barred and summary judgment was appropriate. *See, e.g., Needham v. Fred's Frozen Foods, Inc.* (1977), 171 Ind.App. 671, 359 N.E.2d 544.

It is undisputed that Bailey's activity at the time of the collision would place his injuries under the Act unless he was not an employee of Transport in performing his duties.

The factors generally considered when such questions arise are set forth in a number of decisions, such as *Fox v. Contract Beverage Packers, Inc.* (1980), Ind.

---

1. The order book entry at the outset purports to deny summary judgment as to all defendants and then later purports to grant the motion as to two. The parties have fully argued the question as to each defendant and we will consider the propriety of summary judgment as to each one.

App., 398 N.E.2d 709, 711–12. We think they need not be examined *seriatim* in cases such as this, however, because of our Supreme Court's decision in *Transport Motor Express, Inc. v. Smith* (1974), 262 Ind. 41, 311 N.E.2d 424.

In that case the long term lessee of a truck sent the truck and a driver to Indiana to enter into a (single) trip lease to haul a load of explosives for Transport Motor Express. The trip lease was entered into and the driver was killed during the trip and in performance of his duties. The question that reached the Supreme Court was whether the driver's widow and dependent children were entitled to recover workmen's compensation benefits from Transport Motor Express, the single trip lessee.

The trip lease, apparently to comply with ICC regulations, assigned the driver a route, required him to keep a log, and gave the lessee the right to replace the driver for violation of ICC or PSCI rules or regulations. On the trip the truck used the trip lessee's ICC and PSCI permit numbers.

In determining that the findings which recited the foregoing were adequate to establish an employer-employee relationship within the meaning of the Workmen's Compensation Act, the court quoted with approval from *Daniels v. Terminal Transport Company, Inc.* (1954), 125 Ind.App. 28, 119 N.E.2d 554 that it would be inconsistent to permit a motor freight carrier to execute written agreements covering the employment of drivers and the control of them required to meet ICC regulations and then permit the carrier to dispute those terms in the determination of whether a driver was an employee under the workmen's compensation law.

Subsequent decisions have expanded upon this determination holding the carrier-lessee liable under respondeat superior to third parties injured in collisions. Thus, in *Rediehs Exp., Inc. v. Maple* (1986), Ind. App., 491 N.E.2d 1006, *cert. denied* (1987) — U.S. ——, 107 S.Ct. 1571, 94 L.Ed.2d 762 the court stated:

> An ICC carrier's liability for the equipment and the drivers covered by a leasing arrangement is not governed by the traditional common law doctrines of master-servant and respondeat superior. The independent contractor concept has been eliminated for lease arrangements under ICC regulations.

491 N.E.2d 1011 (citations omitted).

*See also Ryder Truck Lines v. Carolina Cas. Ins. Co.* (1978), Ind.App., 372 N.E.2d 504, *vacated on other grounds* (1979), 270 Ind. 315, 385 N.E.2d 449.

Pursuant to the decision in *Transport Motor Express, supra,* we hold that the control of Bailey required by the rules and regulations of the Interstate Commerce Commission and as reflected in the lease agreement constituted Bailey an employee of Transport for purposes of the workmen's compensation laws. It follows that he was precluded from maintaining a civil action against Transport. *Needham, supra.*

The same analysis compels the conclusion that Sharp was also an employee of Transport for purposes of workmen's compensation, although he might be considered a dual employee of Transport and Adams Trucking. Furthermore it is not disputed that at the time of the collision he was engaged in the performance of his employment duties with Transport.

The Workmen's Compensation Act provides that for covered employment the rights and remedies provided by the Act are exclusive. IC 22–3–2–6. While IC 22–3–2–13 does permit an injured employee to bring civil actions against third parties responsible for his injuries, it limits that potential to actions against "some other person than the employer and not in the same employ." These provisions have been construed together to preclude an employee's action against a fellow employee. *See, e.g., Skinner v. Martin* (1983), Ind.App., 455 N.E.2d 1168. Thus, Bailey was not entitled to maintain his action against Sharp and summary judgment for Sharp was appropriate.

The remaining question is whether the action against Adams Trucking must also fail. We conclude that it must.

There was no contention before the trial court and none has been advanced on appeal that premises liability of Adams Trucking on any ground other than respondeat superior. Our decisions make clear that where the employee cannot be held liable no action based solely on respondeat superior is maintainable against his employer. *Clem v. Steveco, Inc.* (1983), Ind. App., 450 N.E.2d 550, 554. *See also Roberts v. Chaney* (1984), Ind.App., 465 N.E.2d 1154, *overruled on other grounds, Williams v. Crist* (1985), Ind., 484 N.E.2d 576, 578.

Bailey was entitled to recover for the injuries he sustained in the collision, but the jurisdiction of his claim lay with the Industrial Board. He was not entitled to maintain a civil action against any of the three named defendants.

We, therefore, reverse in part and remand to the trial court with instructions to grant summary judgment for all three defendants.

RATLIFF, C.J., and HOFFMAN, J. concur.