Raymond DesROSIERS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 64A03–8710–CR–295.

Court of Appeals of Indiana,
Third District.

Sept. 26, 1988.

Steven L. Mullins, Merrillville, Marce Gonzalez, Jr., Hilbrich, Cunningham & Schwerd, Highland, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Raymond DesRosiers was convicted by jury of Aiding in the Obstruction of Justice, a Class D felony, for his actions in assisting Lou Davila evade a subpoena to testify in a drug trial; DesRosiers was sentenced to two (2) years. DesRosiers contests his conviction, presenting the following issues for our review:

I. Whether the trial court erred in admitting DesRosiers' uncharged drug activity as evidence of motive behind his assistance to Davila?

II. Whether sufficient evidence exists to support the necessary elements of Aiding in the Obstruction of Justice?

Affirmed.

■ While *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210,. allows the prosecution to use only infamous crimes to impeach a witness's credibility, *Wilson v. State* (1988), Ind.App., 521 N.E.2d 363, 367, other prior convictions, as well as uncharged criminal activity may be admissible to reveal motive, *Willis v. State* (1987), Ind.App., 512 N.E.2d 871, 876, especially when the prior activities are related to the pending charge. *Id.*

In such cases, the admission of evidence relating to motive is within the trial judge's discretion. *Willis, supra,* at 876. The appropriate test is whether the evidence tends to render the inference of motive more probable than it would be without the evidence. *Chinn v. State* (1987), Ind., 511 N.E.2d 1000, 1004.

Here, the State sought to admit evidence of DesRosiers' drug related activities in order to reveal a motive behind his involvement with Davila. Other evidence revealed that Davila's testimony could implicate DesRosiers in the drug case pending before the court; by aiding Davila in hiding throughout the drug trial, it could be said that DesRosiers helped himself. DesRosiers' prior drug activity was not unrelated to his present charge of Aiding in the Obstruction of Justice. Therefore, we find no abuse of the trial court's discretion in admitting such evidence.

We must give similar deference to the trial court when reviewing a sufficiency of evidence claim. We do not judge witness credibility nor reweigh the evidence; instead, we look to the evidence most favorable to the State, as well as all reasonable inferences to be drawn from that evidence to ensure that substantial evidence of probative value supports the verdict. *Jones v. State* (1988), Ind., 518 N.E.2d 479, 481.

■ Here, DesRosiers claims there is not sufficient evidence supporting each element of Aiding in the Obstruction of Justice for which he was convicted. However, as his brief addresses only the validity of Davila's subpoena, we restrict our discussion to that element.

"Aiding" is statutorily defined as:

A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:

(1) has not been prosecuted for the offense;

(2) has not been convicted of the offense; or

(3) has been acquitted of the offense.

West's A.I.C. 35-41-2-4. The "crime" in this case is the "Obstruction of Justice," defined as:

(a) A person who:

\* \* \* \* \* \*

(2) knowingly or intentionally in an official criminal proceeding or investigation:

\* ˇ \* \* \* \* \*

(C) absents himself from a proceeding or investigation to which he has been legally summoned;

\* \* \* \* \* \*

commits obstruction of justice, a Class D felony.

West's A.I.C. 35-44-3-4(a)(2)(C).

■ Despite DesRosiers' assertion that Davila was invalidly served because the sheriff did not return the subpoena, according to the Indiana Code and the Indiana Rules of Trial Procedure, DesRosiers' argument fails.

The Indiana Code provides:

(d) A subpoena may be served by any person. Service of a subpoena upon a person shall be made in the same manner as provided in the Indiana Rules of Trial Procedure.

West's A.I.C. 35-37-5-2(d). The pertinent Indiana Trial Rule reads:

TRIAL RULE 45. SUBPOENA

(C) Service. A subpoena may be served by the sheriff or his deputy, a party or any person. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person. Service may be made in the same manner as provided in Rule 4.1.

Indiana Rules of Procedure, Trial Rule 45. Referring to Rule 4.1, we find:

TRIAL RULE 4.1 SUMMONS: SERVICE ON INDIVIDUALS

(A) In General. Service may be made upon an individual, ..., by:

\* \* \* \* \* \*

(2) delivering a copy of the summons and complaint to him personally; ....

Indiana Rules of Procedure, Trial Rule 4.1.

Here, as DesRosiers admits, the sheriff personally served the subpoena to Davila. At that point, according to the rules provided above, valid service was performed. Whether or not the proof of such service exists is another matter, and it is not an issue before this court. Sufficient evidence exists to find that valid service was made upon Davila; DesRosiers' conviction is supported by sufficient evidence.

AFFIRMED.

BUCHANAN and HOFFMAN, JJ., concur.