**Sue LANDAU, Appellant–Plaintiff Below,**

v.

**Jack BAILEY, Appellee–
Defendant Below.**

No. 49A02–9304–CV–162.

Court of Appeals of Indiana,
Third District.

Feb. 24, 1994.

Rehearing Denied June 13, 1994.

Jon R. Pactor, Indianapolis, for appellant-plaintiff.

William H. Vobach, Todd J. Kaiser, Locke Reynolds Boyd & Weisell, Indianapolis, for appellee-defendant.

STATON, Judge.

Sue Landau filed a malpractice complaint against her former divorce attorney, Jack Bailey. Bailey's motion for summary judgment was granted; Landau now appeals. She presents for our review two (restated) issues:[1]

I. Whether the trial court erroneously granted summary judgment in favor of Bailey.

II. Whether Landau's motion to strike the affidavit of Michael Redford should have been granted.

We reverse.

During April 1989, Landau retained Bailey to represent her in the dissolution of her marriage to Gary Landau, an Indianapolis attorney. On August 18, 1989, the trial court heard evidence concerning the marital assets. However, no evidence was presented as to the goodwill value of Gary Landau's solo law practice. The Landaus' marriage was dissolved on September 19, 1989.

On August 19, 1991, Landau filed a complaint alleging that Bailey's negligence caused her to receive less than her entitlement in the marital property division. On May 22, 1992, Bailey moved for summary judgment; the motion was granted on August 28, 1992.

---

1. Landau articulated an additional issue concerning Bailey's failure to file a timely request for findings of fact and conclusions of law in the dissolution court. However, she concedes that her allegation concerning the omission is related to "other issues which are not yet adjudicated and are not subject to this appeal." Brief of Appellant, p. 40. She refers to Bailey's pending counterclaim for unpaid attorney fees.

## I.

### Summary Judgment

■ Landau claims that the trial court erroneously (1) resolved disputed facts in Bailey's favor and (2) concluded that Bailey had no duty to present evidence of the value of Gary Landau's law practice. The trial court entered extensive "findings and conclusions" which assist this court in determining the reasons for the trial court's decision; however, the standard of review of a summary judgment is not altered. *P.M.S., Inc. v. Jakubowski* (1992), Ind.App., 585 N.E.2d 1380, 1381.

■ Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact, and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter* (1992), Ind., 596 N.E.2d 1369, 1371. At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

■ When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App., 604 N.E.2d 1190, 1194. We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C). However, summary judgment is rarely an appropriate disposition of actions based upon negligence claims. *Stephenson, supra,* at 1371.

■ Landau contends that the designated materials reveal factual disputes as to the economic value of Gary Landau's law practice and the reasonableness of Bailey's represen-

tation relative thereto. A fact is material if its existence facilitates the resolution of an issue involved. *Anderson v. State Farm Mutual Automobile Insurance Co.* (1984), Ind. App., 471 N.E.2d 1170, 1172.

■ Our review of the designated materials supports Landau's contention that issues of material fact remain. Bailey and accountant Michael Redford contend that the law practice had no measurable economic value; Bruce Allman, CPA, contends that an appraisal would have revealed that the law practice had "substantial" value. Record, pp. 26, 33, 56. Regarding his representation, Bailey averred that: (1) he advised Landau of the results of his investigation concerning the law practice; (2) he informed Landau that the law practice had value and was part of the marital estate and (3) Landau elected not to present expert testimony on the issue due to a lack of funds. Record, pp. 25, 113. Landau and Marla Eichmann averred that Bailey advised Landau that the law practice lacked a value susceptible of proof at trial. Record, pp. 58, 60; Supp. Record, p. 27 (Landau depo., p. 130).

■ Furthermore, Landau correctly contends that the trial court erred in reaching the following "conclusion of law:"

"The defendant Bailey was under no duty to pursue the preparation and presentation of evidence on the issue of the ongoing value of the law practice of Gary Landau in the divorce case in Cause No. 30C01–8901–DR55, here the plaintiff had indicated an unwillingness to spend the money for such preparation and presentation of evidence and, therefore, the defendant Bailey was not guilty of negligence malpractice in failing to prepare and present such evidence at the divorce trial."

Record, p. 143.

■ An attorney has the duty to at all times protect and preserve the rights and property of the client. *Matter of Indiana State Bar* (1990), Ind., 550 N.E.2d 311, 313. A professional practice may have value for purposes of marital asset distribution. *Cleary v. Cleary* (1991), Ind.App., 582 N.E.2d 851. Pursuant to IND.CODE 31–1–11.5–11(c), Landau was entitled to receive one-half

of the total marital assets absent an articulation by the trial court of specific reasons supporting a deviation. Assuming that Gary Landau's law practice had economic value, Landau was presumptively entitled to receive one-half of that value in the distribution of marital assets. Clearly, Bailey had a duty to act so as to preserve his client's property interests. Whether Bailey breached that duty is a question of fact. *Stephenson, supra,* at 1372.

Moreover, the foregoing "conclusion of law" incorporated the resolution of disputed facts and the assessment of credibility. In an attempt to withstand the motion for summary judgment, Landau offered evidence that Bailey failed to adequately investigate or advise her of the potential value of Gary Landau's law practice. Bailey responded with evidence that he conducted an adequate investigation and informed Landau of his conclusions but that Landau elected not to present evidence at trial of the law practice value. The trial court resolved the conflicting evidence in Bailey's favor.

▪ A trial court, upon motion for summary judgment, may consider the designated pleadings, exhibits, depositions, affidavits and testimony, but may not resolve conflicting facts or assess credibility. *Skrypek v. St. Joseph Valley Bank* (1984), Ind.App., 469 N.E.2d 774. Here, the materials offered for the trial court's consideration disclosed factual disputes which must, for summary judgment purposes, be considered in a light favorable to the non-movant. The trial court improperly resolved disputed facts to conclude that Bailey was not negligent in his representation of Landau.

## II.

### *Motion to Strike Redford Affidavit*

Landau next contends that the trial court should have struck the affidavit of Michael Redford. Although we reverse the summary judgment, we address this issue because Redford's competency may be challenged at trial.

▪ Landau complains that Redford was not a properly qualified expert witness because he lacked experience in evaluating businesses and was not a certified public accountant. An expert may be qualified by practical experience as well as by formal training and whether he is qualified as an expert is a matter within the sound discretion of the trial court. *Willis v. State* (1987), Ind.App., 512 N.E.2d 871, 876, *trans. denied.*

Redford averred that he is a "trained" accountant and an enrolled agent qualified to address tax matters before the Internal Revenue Service. He further averred that he had gained experience in the investigation of the assets of corporations, partnerships and individuals while employed as an Internal Revenue Service field representative. Landau offered no evidence to controvert Redford's averments. The trial court acted within its discretion in finding Redford to be a properly qualified expert witness.

▪ However, Landau additionally contends that the substance of Redford's affidavit was violative of the accountant/client privilege. We agree. IND.CODE 25-2-1-23(b) provides that information derived from or as the result of professional services rendered by an accountant is confidential and privileged. The privilege is personal to the client rather than to the accountant. *Ernst & Ernst v. Underwriters National Assurance Co.* (1978), 178 Ind.App. 77, 381 N.E.2d 897, 899 *reh. denied, trans. denied.*

Redford conducted a review of Gary Landau's law practice records on Landau's behalf and billed Landau for that professional service. He subsequently disclosed the results of that review in his affidavit. Redford thus revealed information derived from professional services rendered to Landau, in contravention of I.C. 25-2-1-23(b).

Reversed.

ROBERTSON, J., concurs.

HOFFMAN, J., concurs in result and dissents with opinion.

HOFFMAN, Judge, concurring in result and dissenting.

I concur in the result as to the reversal of summary judgment inasmuch as Bailey failed to designate evidentiary matter; however, I

dissent from the finding that Redford's affidavit was violative of the accountant/client privilege.

The parties to a summary judgment proceeding must expressly designate to the trial court evidentiary matter which supports their respective positions. Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Brockmeyer v. Fort Wayne Public Transp.* (1993), Ind.App., 614 N.E.2d 605, 606. The existence of a genuine issue of material fact shall not be ground for reversal of a summary judgment once entered, unless such fact was designated to the trial court and is included in the record.

*See id.* at 606–607;

Ind. Trial Rule 56(H).

Here, Bailey failed to specifically designate the evidentiary matter supporting his position. This Court may no longer search the record for evidence to support a party's position. Because Landau did specifically designate the evidentiary matter upon which she based her motion in opposition, I concur in the result as to the determination that summary judgment was inappropriate.

However, I do not agree that the affidavit submitted by Redford was violative of the accountant/client privilege. In pertinent part, the statute states:

> "The information derived from or as the result of such professional services shall be deemed confidential and privileged: Provided, That nothing herein shall be construed as prohibiting a certified public accountant or a public accountant from disclosing any data required to be disclosed by the standards of the profession ... in making disclosure where [the] financial statements, or the professional services of the accountant ... are contested."

IND.CODE § 25–2–1–23 (1988 Ed.) (amended 1992).

Here, the adequacy of the accounting services are contested. Although the proceeding is against the attorney for legal malpractice, the accounting services are directly implicated as being deficient. The privilege personal to Landau, created by the relationship, was destroyed when Landau placed the substance of the services at issue in the lawsuit.

For the above-stated reasons, I concur in result and dissent.