**David GILMAN and William E. Statham, Appellants–Defendants,**

v.

**Sandra HOHMAN, Appellee–Plaintiff.**

**No. 49A02–9904–CV–300.**

Court of Appeals of Indiana.

March 9, 2000.

Robert J. Wampler, Eric D. Johnson, Pfenne P. Cantrell, Kightlinger & Gray, Indianapolis, Indiana, Attorneys for Appellant David Gilman.

Todd J. Kaiser, Daniel M. Long, Locke Reynolds Boyd & Weisell, Indianapolis, Indiana, Attorneys for Appellant William E. Statham.

Kevin W. Betz, Sutherlin & Betz, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

ROBB, Judge

David Gilman and William Statham appeal from the trial court's denial of their partial motion for summary judgment in Sandra Hohman's action against them for malpractice. We reverse and remand.

### Issues

Gilman and Statham raise one issue for our review, which we restate as whether the trial court properly denied their motion for summary judgment on the issue of whether they committed legal malpractice in representing Hohman in her divorce by

failing to value "goodwill" in her husband's medical practice.

### Facts and Procedural History [1]

Dr. James Hohman and Sandra Hohman were married in 1981. Dr. Hohman is a licensed physician. On June 11, 1991, Dr. Hohman filed a petition seeking dissolution of marriage. Sandra hired David Gilman as her attorney for the dissolution proceedings. Because Gilman practiced primarily in Marion County and the dissolution proceedings were being conducted in Vanderburgh County, he retained William Statham, a Vanderburgh County attorney, as local counsel.

During the course of discovery, Gilman and Statham determined that Dr. Hohman was, on the date of separation, a staff member physician with the Welborn Clinic, a business trust, in Evansville, Indiana, and subject to a covenant not to compete. They therefore concluded that because Dr. Hohman was an employee with no ownership interest in the Clinic, he also had no goodwill in the Clinic. Sandra concedes that Dr. Hohman had no ownership interest in the clinic. R. 433. Accordingly, Gilman and Statham prepared a property settlement agreement signed by the parties which did not include a valuation for goodwill in Dr. Hohman's practice. The marriage was dissolved on May 14, 1992.

On May 10, 1994, Sandra filed a complaint for legal malpractice against Gilman and Statham, alleging, *inter alia*, that they were negligent in failing to value Dr. Hohman's medical practice as part of the property settlement. Gilman and Statham joined in a motion for partial summary judgment, which was granted in part and denied in part: "The Court denies [the attorneys'] Motion for Summary Judgment as to the question of whether Dr. Hohman had any 'goodwill interest in his professional medical practice,' and whether such goodwill, if existed [sic], was properly valued and/or should have been included in

1. Hohman's request for oral argument is hereby denied.

the marital estate...." R. 828. Gilman and Statham then properly instituted this interlocutory appeal from the denial of their motion.

## Discussion and Decision

### I. Standard of Review

Gilman and Statham contend that the trial court erred in denying that part of their motion for summary judgment regarding Sandra's claim that they committed legal malpractice in failing to value Dr. Hohman's goodwill in his practice. Gilman and Statham contend that, because Sandra conceded that Dr. Hohman had no ownership or present possessory interest in the Welborn Clinic, there is no issue of material fact with respect to Sandra's claim that they were negligent for failing to value his goodwill in the Clinic. Sandra responds that Gilman and Statham confuse the issue of Dr. Hohman's ownership interest in the Clinic with his goodwill in his practice.

### A. Summary Judgment

■ Our standard of review of a summary judgment order is well-settled: summary judgment is appropriate if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). Relying on specifically designated evidence, the moving party bears the burden of showing prima facie that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Estate of Pflanz v. Davis*, 678 N.E.2d 1148, 1150 (Ind.Ct.App.1997). If the moving party meets these two requirements, the burden shifts to the nonmovant to set forth specifically designated facts showing that there is a genuine issue for trial. *Id.* A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *Downs v. Panhandle E. Pipeline Co.*, 694 N.E.2d 1198,

1200 (Ind.Ct.App.1998), *trans. denied.* Even if the facts are undisputed, summary judgment is inappropriate where the record reveals an incorrect application of the law to the facts. *General Accident Ins. Co. of Am. v. Hughes*, 706 N.E.2d 208, 210 (Ind.Ct.App.1999), *trans. denied.*

■ On appeal, we are bound by the same standard as the trial court, and we consider only those matters which were designated at the summary judgment stage. *Pflanz*, 678 N.E.2d at 1151. We liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact for trial. *Dunifon v. Iovino*, 665 N.E.2d 51, 55 (Ind.Ct.App.1996), *trans. denied.* The party that lost in the trial court has the burden to persuade the appellate court that the trial court erred. *Id.* Specific findings and conclusions by the trial court are not required, and although they offer valuable insight into the rationale for the judgment and facilitate our review, we are not limited to reviewing the trial court's reasons for granting or denying summary judgment. *Jones v. Western Reserve Group*, 699 N.E.2d 711, 714 (Ind.Ct.App. 1998), *trans. denied.* A grant of summary judgment may be affirmed upon any theory supported by the designated materials. Sims v. Barnes, 689 N.E.2d 734, 735 (Ind. Ct.App.1997), *trans. denied.*

### B. Legal Malpractice

■ To prove a legal malpractice claim, the plaintiff-client must prove four elements: 1) employment of the attorney (the duty); 2) failure of the attorney to exercise ordinary skill and knowledge (the breach); 3) proximate cause (causation); and 4) loss to the plaintiff (damages). *Sleweon v. Burke, Murphy, Constanzo & Cuppy*, 712 N.E.2d 517, 520 (Ind.Ct.App. 1999), *trans. denied.* To prove causation and damages in a legal malpractice case, the client must show that the outcome of the underlying litigation would have been

more favorable but for the attorney's negligence. *Id.*

## II. "Goodwill" as a Divisible Marital Asset in Indiana

"Goodwill" has been defined as:

the advantage or benefit which is acquired by an establishment beyond the mere value of the capital stock, funds, or property employed therein, in consequence of the general public patronage and encouragement which it receives from constant or habitual customers on account of its local position, or common celebrity, or reputation for skill, or affluence, or punctuality, or from other accidental circumstances or necessities, or even from ancient partiality or prejudices.

*Porter v. Porter*, 526 N.E.2d 219, 223 (Ind. Ct.App.1988), *trans. denied* (quoting 38 Am.Jur.2d *Goodwill* § 1). Alternatively, goodwill has been defined as "the probability that old customers of the [business] will resort to the old place of business where it is well-established, well-known, and enjoys the fixed and favorable consideration of its customers.... [T]he expectation of continued public patronage." *Berger v. Berger*, 648 N.E.2d 378, 383 (Ind.Ct.App.1995). Most recently, our supreme court has described goodwill as "the value of a business or practice that exceeds the combined value of the net assets used in the business." *Yoon v. Yoon*, 711 N.E.2d 1265, 1268 (Ind. 1999).

The element of goodwill in the valuation of a professional practice for division in a dissolution action has received various treatment among the states. Some courts never include goodwill as a divisible marital asset. *See Holbrook v. Holbrook*, 103 Wis.2d 327, 309 N.W.2d 343, 345 (1981) (refusing to acknowledge professional goodwill as marital property because it is too difficult to distinguish from future earning capacity). Others always include goodwill as a divisible marital asset, regardless of the nature of the goodwill. *See Dugan v. Dugan*, 92 N.J. 423, 457 A.2d 1,

6 (1983) (holding that goodwill is marital property subject to division in a dissolution without distinguishing between the reputation of the professional party as an individual and the reputation of the professional practice as a business). *See also Powell v. Powell*, 231 Kan. 456, 648 P.2d 218 (1982). The majority of states differentiate between "enterprise goodwill," which is considered a divisible marital asset, and "personal goodwill," which is not. *See Hanson v. Hanson*, 738 S.W.2d 429, 434 (Mo.1987) (holding that goodwill—defined as "the value of the practice which exceeds its tangible assets and is the result of the tendency of clients/patients to return to and recommend the practice irrespective of the reputation of the individual practitioner"—to be martial property subject to division in a dissolution setting). *See also Taylor v. Taylor*, 222 Neb. 721, 386 N.W.2d 851 (1986); *Beasley v. Beasley*, 359 Pa.Super. 20, 518 A.2d 545 (1986).

In 1988, a panel of this court held for the first time that "a professional practice's goodwill value may be included in the marital estate for purposes of property distribution pursuant to a dissolution decree." *Porter*, 526 N.E.2d at 225. In *Porter*, the husband was a licensed medical doctor. He worked for Southern Indiana ENT, Inc. ("ENT"), a business which he had incorporated during the parties' marriage. The trial court valued ENT at $400,000. The husband claimed this was error because it included both tangible and intangible assets of the corporation. This court analyzed the approach taken by several foreign jurisdictions when confronted with professional practice valuation issues, and concluded that the vast majority of cases provided "a basis by which a professional practice ... may be found to have goodwill value." *Id.* Thus, we held that the trial court did not err in including both tangible and intangible (goodwill) assets in ENT's value. *Id.*

Following *Porter*, this court again addressed the issue of goodwill in a professional practice as a divisible marital asset

in *Cleary v. Cleary*, 582 N.E.2d 851 (Ind. Ct.App.1991). There, the husband was also a licensed medical doctor, with interests in three medical corporations through which he practiced medicine. The corporations had exclusive contracts to provide emergency room physicians to two area hospitals. The trial court valued the husband's interest in these corporations at $155,000, and the husband claimed error in the consideration of the goodwill of his medical practice. This court held that *Porter* had previously decided this issue against him and that, given testimony that the corporations had an expectation of continued public patronage by virtue of the exclusive hospital contracts, the trial court did not abuse its discretion "by assigning a goodwill value to [the husband's] interest in the corporations." *Id.* at 853.

In *Berger*, this court was again presented with a goodwill valuation issue. The husband was a dentist who, prior to the parties' separation, decided to sell his dental practice. The terms of the arranged sale were apparently known prior to the final hearing, although the sale was not formally closed until sometime after the hearing. The buyer was to pay the husband $235,000 for the practice's assets and the husband's covenant not to compete. The trial court excluded that part of the purchase price which represented the proceeds of the restrictive covenant from the marital pot in dividing the property and the wife claimed error. This court held that at least a portion of the proceeds of the restrictive covenant was intended to be compensation for the husband's goodwill in his practice. Accordingly, we remanded to the trial court to determine the percentage of the restrictive covenant attributable to goodwill and to include that percentage in the marital pot for distribution. 648 N.E.2d at 384.

Finally, in *Yoon v. Yoon*, 687 N.E.2d 201 (Ind.Ct.App.1997), this court held that the trial court did not err in considering goodwill in valuing the husband's medical practice. *Id.* at 205. On transfer in *Yoon*, our supreme court considered the issue of "goodwill value or a business or professional practice for the purpose of property division in a marriage dissolution," and held that "goodwill that is attributable to the business enterprise is divisible property, but to the extent that the goodwill is personal to the professional or business owner, it is a surrogate for the owner's future earning capacity and is not divisible." 711 N.E.2d at 1267.

In so holding, the court distinguished "enterprise goodwill" from "personal goodwill." Enterprise goodwill is based on "the intangible, but generally marketable, existence in a business of established relations with employees, customers and suppliers." *Id.* at 1268 (quoting Allen Parkman, The Treatment of Professional Goodwill in Divorce Proceedings, 18 Fam. L.Q. 213, 215 (1984)). Because enterprise goodwill is an asset of the business, it is property "that is divisible in a dissolution to the extent that it inheres in the business, independent of any single individual's personal efforts and will outlast any person's involvement in the business." *Id.* at 1269. "Personal goodwill," on the other hand, is value that attaches to a business as a result of the continued presence of a particular individual. *Id.* Because it is a personal asset representing nothing more than future earning capacity, it is not divisible in a dissolution. *Id.*

The supreme court further "disapproved" *Porter* "to the extent that [it] suggests that both personal and enterprise goodwill are to be included in the value of a business or professional practice in a dissolution...." *Id.* at 1269. The court explained how the cases following *Porter* illustrate that even a professional practice can have an enterprise goodwill component: in *Cleary*, the goodwill was divisible because the professional practice at issue had an expectation of continued public patronage based not on the identity of the physicians but on the exclusive service contracts that were attributes of the businesses, and in *Berger*, the trial court was

instructed on remand to include in the marital pot only that portion of the proceeds of a restrictive covenant that were attributable to the goodwill of the practice and not that portion which was provided in lieu of future earnings. From this, it can be seen that, although not clearly articulated until *Yoon,* courts of this state had been differentiating between enterprise goodwill and personal goodwill since *Porter.* Thus, *Yoon,* despite not being decided until eight years after the Hohmans were divorced, is the appropriate test by which to determine whether Dr. Hohman had any goodwill which could be included as a marital asset.

### III. Malpractice for Failing to Value Goodwill

■■■■ Sandra claims that Gilman and Statham were negligent for failing to investigate or value Dr. Hohman's interest in his "professional medical practice" and also for failing to advise her that such goodwill might exist. An attorney has the duty to protect and preserve the rights and property of his client. *Landau v. Bailey,* 629 N.E.2d 264, 266 (Ind.Ct.App. 1994).

A claim similar to that here was made in *Landau.* In that case, the wife retained attorney Bailey to represent her in the dissolution of her marriage to the husband, an attorney with a solo law practice. When the trial court heard evidence regarding the marital assets, no evidence was presented with regard to the goodwill value of the husband's law practice. Nearly two years after the marriage was dissolved, the wife filed a complaint against Bailey alleging that he had been negligent in his representation of her, causing her to receive less than that to which she was entitled in the divorce. Bailey moved for summary judgment and the trial court granted the motion. The wife appealed. This court held that the materials designated by the parties on summary judgment disclosed factual issues which made summary judgment inappropriate. *Id.* at 267. Specifically, this court held that there was an issue of material fact regarding whether Bailey advised the wife that the husband's practice lacked a value provable at trial or whether he advised her that the practice did indeed have value but she elected not to incur the cost to present expert testimony regarding the same which the trial court erroneously resolved in Bailey's favor.

Sandra relies in part on *Landau* to support her premise that her attorneys were negligent in not raising the issue of goodwill in her dissolution. We think *Landau* is inapposite to the instant case for the following reasons: the designated evidence here showed that Dr. Hohman was a staff member physician at the Welborn Clinic and had no ownership interest in the clinic. In the event his employment with the Welborn Clinic terminated, he would be entitled to no distribution for the value of the Clinic and would be subject to a covenant not to compete. Thus, in contrast to the facts of *Landau* in which the husband was a sole practitioner, Dr. Hohman had no business of his own to which goodwill could attach. He had no interest which he could sell, leaving the "enterprise goodwill" of the business with the new owner. If he were to leave the Welborn Clinic, the goodwill of the Clinic would not go with him, especially because he was subject to a covenant not to compete which would presumably keep him from taking any patients with him and would certainly keep him from practicing in the same general geographical area. Thus, "the probability that old customers of the business will resort to the old place of business" inures to the exclusive benefit of the clinic. In a situation similar to *Cleary,* the "expectation of continued public patronage" belonged to the clinic, not Dr. Hohman.

Based upon this discussion, we hold that Dr. Hohman had no goodwill except that due to his own personal reputation or ongoing efforts, and this is not includable as a marital asset or divisible in a dissolution action. The state of Washington has reached a similar conclusion with respect to the goodwill of a salaried professional.

*In re Marriage of Hall,* 103 Wash.2d 236, 692 P.2d 175 (1984). There, both husband and wife were medical doctors. The husband formed a partnership with another doctor, which was later incorporated, to provide cardiological consulting services. The wife was an untenured professor at a university. When the parties divorced, the trial court found that the wife had no goodwill, and the husband appealed. The Washington Supreme Court stated:

> The practicing professional brings an earning capacity to the practice comprised of skill and education. The goodwill, comprised of such things as location, referrals, associations, reputation, trade name and office organization, can directly supplement this earning capacity. When the practicing professional dies, retires or moves he takes his skill and education with him, but the goodwill factors must be transferred or otherwise left behind.
>
> . . .
>
> The salaried professional also brings an earning capacity comprised of skill and education to the position. However, when the salaried professional leaves a position he takes everything with him to the new position. There is nothing that increased his earning capacity in the old position that cannot be taken to the new position.

*Id.* at 241–242, 692 P.2d at 178. *See also Sonek v. Sonek,* 105 N.C.App. 247, 412 S.E.2d 917, 919 (1992) ("We, therefore, find that a salaried employee who maintains no ownership interest in the particular place of employment does not possess goodwill.").

As a matter of law, we hold that Dr. Hohman, being a salaried employee subject to a non-competition agreement, had no divisible goodwill. Because Dr. Hohman had no goodwill which could be included in the marital estate, Gilman and Statham were not negligent in so determining and not pursuing the issue further. Thus, there is no issue of material fact which would preclude entry of summary judgment in favor of Gilman and Statham on this claim. The trial court erred in denying Gilman and Statham's motion for summary judgment.

### Conclusion

Gilman and Statham were not negligent in failing to investigate and value Dr. Hohman's goodwill in his "professional practice" because, as a matter of law, he had no divisible goodwill. Thus, the trial court erred in denying their motion for summary judgment on this issue. We therefore reverse and remand with instructions to the trial court to enter judgment consistent with this opinion.

Reversed and remanded.

BROOK, J., and NAJAM, J., concur.